UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

STEVEN P. KELLY, ESQUIRE
Stern & Eisenberg, PC
1040 N. Kings Highway, Suite 407,
Cherry Hill, New Jersey 08034
Telephone: (609) 397-9200
FACSIMILE: (856) 667-1456
(COUNSEL FOR MOVANT)

In Re:
Donzella M Mears
           Debtor
--------------------------------------------------
U.S. Bank Trust, N.A., as Trustee for LSF9 Master
Participation Trust
           Creditor/Movant
v.
Donzella M Mears
           (Respondent)

Order Filed on September 11, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case Number: 17-34451-ABA

Chapter: 13

Judge: Andrew B. Altenburg Jr.

## ORDER APPROVING STIPULATION/CONDITIONAL ORDER SETTLING THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, this _____ day of _____, 2018, upon consideration of the Stipulation between Debtor and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, it is hereby ORDERED and DECREED that the Stipulation is APPROVED and made an Order of the Court.

BY THE COURT:

_____
UNITED STATES BANKRUPTCY JUDGE

DATED: September 11, 2018

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

MFR – APO/STIP BF

(page 2)
Debtor: Donzella M Mears
Case Number: 17-34451-ABA

Caption of Order: Order Approving Stipulation/Conditional Order Settling the Motion for Relief from the Automatic Stay

Upon the Motion of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (Creditor) through its Counsel Stern & Eisenberg PC, attorneys for secured creditor, under Bankruptcy Code (section 362(d), et al.) for relief from the automatic stay as to certain property, 48 Coachlight Drive, Sicklerville, NJ 08081 ("Property"), and the entry of the Order settling the Motion for Relief and for cause shown, it is hereby ORDERED and DECREED as follows:

1. At the date of this Order, Donzella M Mears ("Debtor") acknowledges that Debtor is due for the following post-petition regular monthly payments from March 1, 2018 to August 1, 2018, as follows:
   a. Monthly payments total ($1,167.86/mo):...................$7,007.16
      (03/01/2018 through 08/01/2018)
   b. Post-petition suspense balance:............................($424.28)
   c. Attorney Fees:.....................................................$531.00
   d. Total arrears as of date of Order:...........................$7,113.88

2. Debtor and Creditor shall participate in loss mitigation under the Court's Loss Mitigation Rules and Procedures.

3. Debtor and Creditor shall utilize the Loss Mitigation Portal (DMM Portal) during the Loss Mitigation Period.
   a. Debtor shall open a DMM Portal file within fourteen (14) days of this Order.
   b. Debtor shall submit a financial package to the DMM Portal within thirty-five (35) days of this Order.

4. Starting September 1, 2018, and pending the Loss Mitigation, Debtor shall make monthly Adequate Protection Payments, in the amount of $914.30:
   a. (P&I *.6) + Escrow):  ($633.91 *.6) + $533.95) = $914.30

5. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this Paragraph 4 shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular monthly mortgage payment.

6. Debtor shall obtain a loan modification within 120 days from the date of this Order. This deadline can be extended for good cause by request of Debtor. Payments due in accordance with this Order shall be due on or before the 1st day of each month.

7. If Debtor is eligible for a Trial Modification, Creditor must receive each monthly trial payment within the month it is due.

(page 3)
Debtor: Donzella M Mears
Case Number: 17-34451-ABA
Caption of Order: Order Approving Stipulation/Conditional Order Settling the Motion for Relief from the Automatic Stay

8. If by any fault of the Debtor, the Creditor does not receive a timely and complete trial payment, the Trial Modification Period will be terminated.

9. In the event Debtor is offered a Final Modification Agreement, Debtor is responsible for obtaining Court approval.

10. If for any reason Debtor fails to complete the trial modification period or consummate a final loan modification by the expiration date outlined above, Creditor can move for a Certification of Default to obtain immediate relief from the automatic stay as to the property. Movant shall immediately have relief from the bankruptcy stay, per the form of the attached Order which is made part hereof as Exhibit "A."

11. All payments due to Movant from Debtor are to be made directly to Movant at P.O. Box 650856, Dallas, TX 75265-0856, making sure that Creditor's loan number appears on all payments.

12. In the event Debtor fails to make a regular monthly payment or adequate protection payment as set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Movant and/or Counsel may give Debtor and Debtor's counsel notice of the default.

13. If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, Movant shall immediately have relief from the bankruptcy stay, per the form of the attached Order which is made part hereof as Exhibit "A."

14. Debtor shall pay Attorney Fees for each Notice of Default issued by Movant as a result of Debtor's failure to make payments in accordance with this Order.

15. The failure by Movant, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Movant's rights hereunder.

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

STEVEN P. KELLY, ESQUIRE
Stern & Eisenberg, PC
1040 N. Kings Highway, Suite 407,
Cherry Hill, New Jersey 08034
Telephone: (609) 397-9200
FACSIMILE: (856) 667-1456
(COUNSEL FOR MOVANT)

In Re:
Donzella M Mears
              Debtor
--------------------------------------------------------
U.S. Bank Trust, N.A., as Trustee for LSF9 Master
Participation Trust
              Creditor/Movant
v.
Donzella M Mears
            (Respondent)

Case Number: 17-34451-ABA

Chapter: 13

Judge: Andrew B. Altenburg Jr.

ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND IN REM RELIEF FOLLOWING
CERTIFICATION OF DEFAULT OF CONDITIONAL ORDER /STIPULATION

      Upon Motion of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

(Creditor) for relief and a Certification of Default having been filed in accordance with the

Order/Stipulation Resolving the Motion, it is hereby ORDERED AND DECREED that Movant, U.S.

Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (Creditor) (and any

assignee/successor-in-interest) is granted relief from the stay of 11 U.S.C. §362, et al. to proceed with

its mortgage foreclosure action and Sheriff's Sale (and all other rights under state and federal law)

concerning the Property:  48 Coachlight Drive, Sicklerville, NJ 08081 ("Property")

MFR – APO/STIP BF

(page 4)
Debtor: Donzella M Mears
Case Number: 17-34451-ABA
Caption of Order:  Order Approving Stipulation/Conditional Order Settling the Motion for Relief from the Automatic Stay

16. Upon issuance of the aforesaid Order, the parties hereto further agree that Movant (and any assignee/successor-in-interest) may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

17. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Movant, through Counsel, may file a certification setting forth said failure and Movant shall be granted immediate relief from the automatic stay in the form of Order attached as Exhibit "A."

18. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.



SEYMOUR WASSERSTRUM, ESQUIRE
COUNSEL FOR DEBTOR


/s/ Steven P. Kelly, Esq.
STEVEN P. KELLY, ESQUIRE
STERN & EISENBERG, PC
COUNSEL FOR CREDITOR

MFR – APO/STIP BF